UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    v.                              )    Criminal No. 11-0290 (PLF)
                                    )    Civil Action No. 16-1229 (PLF)
                                    )
DEVON ROBINSON,                     )
                                    )
            Defendant.              )
_____)

MEMORANDUM OPINION AND ORDER

The matter before the Court is pro se defendant Devon Robinson's Motion in Regard to the Johnson Abridged 2255 Filing in Light of Johnson v. US ("Supp. Mot.") [Dkt. 33]. In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague and violates due process. 135 S. Ct. 2551, 2557 (2016). Mr. Robinson does not ask this Court to vacate or correct his sentence, but instead requests that it amend his presentence investigation report to reflect that he is no longer a career offender after Johnson v. United States. Supp. Mot. at 1. Upon consideration of the parties' papers and the relevant legal authorities, the Court will deny Mr. Robinson's motion without prejudice.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2012, pursuant to a Rule 11(c)(1)(C) plea agreement, Mr. Robinson entered a plea of guilty to one count of unlawful possession with intent to distribute 280 grams or

---

<sup>1</sup> The papers reviewed in connection with the pending motion include: Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Abridged 2255 Mot.") [Dkt. 31]; Motion in Regard to the Johnson Abridged 2255 Filing in Light of Johnson v. US ("Supp. Mot.") [Dkt. 33]; and United States' Opposition to Defendant's Motion in Regard to the Johnson Abridged 2255 Filing ("Opp.") [Dkt. 37].

more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). Plea Agreement (June 25, 2012) at 1, 5 [Dkt. 20]; Minute Entry (July 23, 2012). In the presentence investigation report ("PSR") prepared before the sentencing hearing, the Probation Office noted that Mr. Robinson had at least two prior felony convictions of either a crime of violence or a controlled substance offense and therefore he was a career offender under U.S. Sentencing Guidelines § 4B1.2. The Probation Office calculated a guidelines sentencing range of 262 to 327 months, with an offense level of 34 and a criminal history category VI. Judge Richard Roberts ultimately sentenced Mr. Robinson to 120 months, the statutory mandatory minimum, which was the sentence agreed upon as part of Mr. Robinson's plea agreement. See Judgment (Oct. 17, 2012) at 1-2 [Dkt. 29]; Sentencing Tr. (Oct. 9, 2012) at 9 [Dkt. 34]. This case was reassigned to the undersigned following Judge Roberts's retirement.

On June 21, 2016, the Office of the Federal Public Defender filed an abridged motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in light of Johnson v. United States, 135 S. Ct. 2551 (2015), which was made retroactive by Welch v. United States, 136 S. Ct. 1257 (2016). See Abridged Mot. at 1. The Federal Public Defender subsequently withdrew from the case. See Minute Order (Aug. 23, 2016). On September 22, 2016, Mr. Robinson filed a pro se supplemental motion asking this Court to revise his PSR to reflect that he is not a career offender and that his prior offenses are not crimes of violence. Supp. Mot. at 1.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence that was imposed "in violation of the Constitution or laws of the United States," "in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As previously noted, Mr. Robinson asks this Court to revise his PSR because,

he argues, his criminal history points and the Probation Office's conclusion that he is a career offender have an impact on his assigned Bureau of Prisons ("BOP") custody level. Supp. Mot. at 1. He argues that a change to his PSR would put him in a lower custody level and allow him to take advantage of opportunities available only to prisoners in lower custody levels. Id. Because Mr. Robinson does not seek to vacate, set aside, or correct his sentence, he cannot pursue this claim under 28 U.S.C. § 2255.

The Court, however, may liberally construe his pro se motion "to conform to the nature of the relief that he seeks." United States v. Brown, 185 F. Supp. 3d 79, 84 (D.D.C. 2016); Stern v. Fed. Bureau of Prisons, 601 F. Supp. 2d 303, 306 (D.D.C. 2009). The government suggests that Mr. Robinson's motion should be construed as a Section 2241 motion. Opp. at 5-6. Under 28 U.S.C. § 2241, a prisoner may challenge the fact or duration of his confinement. See Aamer v. Obama, 742 F.3d 1023, 1030 (D.C. Cir. 2014). In this circuit, prisoners may also challenge the "form of [their] detention" under Section 2241. Id. at 1032. Mr. Robinson does not challenge the fact, duration, or legality of his confinement, but instead ultimately challenges a condition of his confinement. The Court therefore construes Mr. Robinson's motion as a Section 2241 motion.[2] Because a Section 2241 motion must be brought in the jurisdiction where the prisoner is confined — which, in this case, is the Eastern District of

---

[2] Because there is no federal prison in the District of Columbia, this circuit has little precedent regarding 28 U.S.C. § 2241. As the debate between the majority and the dissent in Aamer suggests, it is not entirely clear whether a challenge to a condition of confinement may be brought under 28 U.S.C. § 2241. Compare Aamer v. Obama, 742 F.3d at 1030-35 (Tatel, J.), with id. at 1044-47 (Williams, J., dissenting). Some courts, outside of this circuit, have concluded that challenges to conditions of confinement should be brought under 42 U.S.C. § 1983 rather than Section 2241. See, e.g., Eiland v. Warden Fort Dix FCI, 634 Fed. App'x 87, 89 (3d Cir. 2015). Even if the Court construed Mr. Robinson's motion under 42 U.S.C. § 1983, however, the Court would lack personal jurisdiction and venue in the District of Columbia. See Cameron v. Thornburgh, 983 F.2d 253, 257 (D.C. Cir. 1993); Coltrane v. Lappin, 885 F. Supp. 2d 228, 234 (D.D.C. 2012); Mullen v. Bureau of Prisons et al., 843 F. Supp. 2d 112, 116-17 (D.D.C. 2012).

3

North Carolina — the Court lacks jurisdiction over this action. 28 U.S.C. § 2241(a); see also Stern v. Fed. Bureau of Prison, 601 F. Supp. 2d at 306.

If the Court lacks jurisdiction over a Section 2241 motion, it "has the authority to dismiss the action or transfer it [to the appropriate district] in the interest of justice." Stern v. Fed. Bureau of Prisons, 601 F. Supp. 2d at 306; see also 28 U.S.C. § 1631. In this case, the Court declines to transfer the case to the Eastern District of North Carolina for two reasons. First, Mr. Robinson is challenging his BOP custody level based in part on the criminal history calculated in his PSR. But not all circuits recognize that a prisoner may bring a Section 2241 motion to challenge the BOP's assigned custody level. Mr. Robinson therefore may need to bring a different claim for relief in the appropriate jurisdiction. See, e.g., Eiland v. Warden Fort Dix FCI, 634 Fed. App'x 87, 89 (3d Cir. 2015) (concluding that the proper means for challenging a prisoner's custody level is a civil rights action against the warden under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), "after available administrative remedies have been exhausted"); United States v. Laudermilt, 576 Fed. App'x 177, 183-84 (4th Cir. 2014) (noting the differences among circuits regarding whether a prisoner may challenge his custody level or the manner in which his sentence is executed through a habeas corpus action); Rodriquez v. Cruz, No. 12-2154, 2013 WL 2416321, at *4 (D.S.C. June 3, 2013) (determining that a petitioner cannot challenge his custody level under 28 U.S.C. § 2241 if the change in custody level would not affect the length of his confinement).

Second, it appears that Mr. Robinson has not exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Porter v. Nussle, 534 U.S. 516, 520 (2002). As the government notes, Mr. Robinson must first raise this issue with the appropriate contacts at his facility and the BOP before filing a claim in federal

court. 42 U.S.C. § 1997e(a); see, e.g., Smith v. United States, 277 F. Supp. 2d 100, 105 (D.D.C. 2003) (citing Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988)) (requiring a prisoner to exhaust his administrative remedies before pursuing a habeas action under 28 U.S.C. § 2241); cf. Anderson v. Stephens, No. 09-2049, 2011 WL 1671807, at *2 (E.D.N.C. May 3, 2011) (requiring a petitioner to exhaust his administrative remedies with the BOP before seeking review of the BOP's determination of his custody and security designation). The Court therefore will dismiss Mr. Robinson's motion without prejudice for him to refile, if he wishes, in the proper U.S. District Court.

Finally, the Court notes that because Mr. Robinson was considered a career offender under U.S. Sentencing Guidelines § 4B1.2, his offense level and his applicable criminal history category were both automatically increased. See U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."); id. § 4B1.1(b)(2) (requiring an increase of Mr. Robinson's offense level to 34). Although the career offender provision affected Mr. Robinson's offense level and criminal history category for purposes of his guidelines sentencing range, the BOP does not consider whether an individual is a career offender under the U.S. Sentencing Guidelines when calculating the prisoner's BOP custody level. Opp. at 7; see also Opp., Ex. A at 8-9 [Dkt. 37]. Nor does the BOP consider a defendant's criminal history category or offense level in calculating his or her BOP custody level. Opp. at 7; see also Opp., Ex. A at 8-10. As the government notes, the BOP has its own policy for determining a prisoner's custody level. See Opp., Ex. A. A change in Mr. Robinson's criminal history category, as he suggests, would not necessarily change his BOP custody level. See Supp. Mot. at 1. In addition, Mr. Robinson's case manager at the FCI Butner Medium II facility in North Carolina has informed the government that "the 'points' used to calculate Mr.

Robinson's BOP custody score are separate and distinct from the points that appear in a Presentence Investigation Report" and that the career offender designation "does not carry over to, or otherwise affect," Mr. Robinson's BOP calculation.  Opp. at 3.

Accordingly, it is hereby

ORDERED that defendant's motion under 28 U.S.C. § 2255 [Dkt. 31] is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that defendant's motion in regard to the <u>Johnson</u> abridged 2255 filing [Dkt. 33] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

__/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  April 25, 2017